IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LINDIWE N. KUBWEZA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN E. POTTER, <br> POSTMASTER GENERAL, <br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Civil Action Number 3:06CV197 |

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant John E. Potter's Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, Defendant's Motion to Dismiss is hereby GRANTED. Plaintiff's Complaint is hereby DISMISSED.

I.

Plaintiff, Lindiwe N. Kubweza was employed as a clerk with the Richmond, Virginia production and distribution facility of the United States Postal Service. On November 19, 2003, Defendant issued to Plaintiff, a Notice of Emergency Placement in Off-Duty status. On November 20, 2003, Defendant issued a Notice of Removal, explaining Plaintiff would be removed from employment with the Defendant effective November 29, 2003. Defendant sought to remove Plaintiff for "unsatisfactory attendance" and being away without leave from October 3, through November 10, 2003.

As a member of the American Postal Workers Union, Plaintiff was covered by a Collective Bargaining Agreement ("CBA"). Under the terms of the CBA, Plaintiff had fourteen days from Notice of Removal to file a grievance with Defendant's Labor Relations Office. The union filed a grievance on Plaintiff's behalf on December 11, 2003.

The union's CBA states labor-management disputes shall be subject to arbitration, and the arbitrator's decision is "final and binding." On January 7, 2005, an arbitrator dismissed Plaintiff's grievance as untimely filed. After the arbitrator issued his decision, Plaintiff was formally discharged from duty with Defendant on January 7, 2005.

On June 13, 2005, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") alleging sex, race, and color discrimination. The EEOC dismissed Plaintiff's allegations against the Defendant regarding her emergency placement and removal as untimely filed, and dismissed the allegations regarding the arbitrator's decision for failure to state a claim. The EEOC issued its final decision on July 12, 2005.

Plaintiff's March 22, 2006 Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and breach of contract between the American Postal Workers Union and the Defendant. Plaintiff filed the instant Complaint in violation of a Court Order dated February 8, 2000 permanently enjoining her from filing documents of any kind without first obtaining permission from the Court. United States v. One FM Radio Transmitter, et al., No. 11, No. CA-99-737-3 (E.D. Va. Feb. 8, 2000). Nonetheless, the Court has reviewed the Complaint and the briefs by the Government and dismisses the Complaint on its merits.

II.

The function of a motion to dismiss is to test the law governing claims, not the facts which support them. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957). When considering such a motion, the Court must presume that all factual allegations in the complaint are true. See Puerto Rico ex. rel. Quiros v. Alfred L. Snapp & Sons, 632 F.2d 365, 367 (4th Cir. 1980). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) provides a defendant with a procedural vehicle by which he may move a federal court to dismiss a claim or suit on the ground that the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The purpose of a such a motion is test the legal sufficiency of the complaint, rather than the truthfulness of the factual allegations made in support of the plaintiff's claims. See Hall v. Virginia, 385 F.3d 421, 427 (4th Cir. 2004). The court must accept as true as well-pleaded allegations contained in the plaintiff's complaint and the court must view the complaint in a light most favorable to the plaintiff. See T.G. Slater & Son, Inc. v. The Donald P. & Patricia A. Brennan, LLC, 385 F.3d 836, 841 (4th Cir. 2004). Though the plaintiff's allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff, the burden remains on the plaintiff to prove that federal jurisdiction is proper. Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768–69 (4th Cir. 1991). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). This Court has a duty to construe the Plaintiff's pro se pleadings liberally and hold the Plaintiff's pleadings to a standard less stringent than that of an attorney. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (stating that allegations by pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers).

III.

    A.    <u>Plaintiff's Title VII claim is dismissed for an untimely filing</u>.

Plaintiff's claim under Title VII is flawed as she has not complied with the administrative remedies for filing this claim. To state a cognizable claim under Title VII, a plaintiff must first exhaust her administrative remedies with the federal EEOC before she can bring suit in this Court. <u>See</u> <u>Smith v. First Union Nat'l Bank</u>, 202 F.3d 234, 247 (4th Cir. 2000). Plaintiff failed to bring her Title VII allegations to the attention of an EEO Counselor within the appropriate time period.

Federal employees must bring a complaint of discrimination to the EEOC within 45 days "of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." <u>29 C.F.R. § 1614.107(a)(1)</u>. Plaintiff received Notice of Removal on November 29, 2003, her removal became final after the arbitrator's decision on January 7, 2005. Plaintiff began her administrative process with the EEOC on March 14, 2005, more than two months after the arbitrator's decision and when her discharge became final. The EEOC dismissed Plaintiff's claim as untimely filed. Failure to comply with the time limitations mandates dismissal. <u>Id.</u> Plaintiff has not complied with the prerequisites of complying with administrative remedies, and therefore she has not properly invoked this Court's jurisdiction. <u>Davis v. North Carolina Dep't of Corrs</u>, 48 F.3d 134, 140 (4th Cir. 1995). Plaintiff's Title VII claim is dismissed for lack of subject matter jurisdiction.

    B.    <u>This Court does not have subject matter jurisdiction to review plaintiff's breach of contract claim</u>.

Plaintiff has alleged that the Defendant breached its contract with the American Postal Workers' Union by discharging her from employment. As the CBA states, labor-management disputes are is subject to arbitration. This dispute was referred to an arbitrator for review, and on

January 7, 2005, an arbitrator dismissed Plaintiff's grievance as untimely filed. Plaintiff has argued that the arbitrator erred when he determined her grievance was untimely. This Court is without jurisdiction to review the merits of the arbitration decision. "A court sits to 'determine only whether the arbitrator did his job - not whether he did it well, correctly, or reasonably, but simply whether he did it.'" United States Postal Service v. American Postal Workers Union, AFL-CIO, 204 F.3d 523, 527 (4th Cir. 2000). To the extent the Plaintiff is seeking review of the arbitrator's final and binding decision, her claim must fail.

In addition, Plaintiff does not have standing to bring a breach of contract claim against the Postal Service. "[A]n individual employee represented by a union . . . generally does not have standing to challenge, modify or confirm an arbitration award because he was not a party to the arbitration." Bryan v. Bell Atl. Md., Inc., 288 F.3d 124, 131 (4th Cir. 2002). Plaintiff's allegation that Defendant violated the terms of the CBA when she was discharged must also fail.

III.

For all the foregoing reasons, Defendant's Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(1) and (6) is hereby GRANTED. Plaintiff's Complaint is DISMISSED.

Plaintiff is advised that she has a right to appeal the decision of the Court. Under Federal Rules of Appellate Procedure 3 and 4, any written Notice of Appeal must be filed with the Clerk of this Court within sixty (60) days from the date of entry of this Opinion and accompanying Order. Failure to file a timely notice of appeal waives the right to an appeal. An appropriate Order shall issue.

    /s/ James R. Spencer  
    CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this __20th__ day of July 2006